PER CURIAM.
The State seeks certiorari review of the trial court’s interlocutory order granting the defendant’s motion in limine excluding similar fact evidence pursuant to the Williams Rule.[1] Specifically, the State sought to prove the defendant’s identity in the robbery for which the defendant is currently charged by offering into evidence similar facts concerning a prior robbery.
In order for collateral crimes to be admissible to prove identity, there must be something so unique or particularly unusual about the perpetrator or his modus op-erandi that the introduction of the collateral crime evidence would tend to establish that he committed the crime charged. Black v. State, 630 So.2d 609, 617 (Fla. 1st DCA 1993). The common points between the collateral and charged offenses can be sufficiently unique when considered individually or when considered in conjunction with each other, thus establishing a pattern of criminal activity, to be relevant to prove identity. Id. at 618.
In this case, since the cumulative effect of the similarities between the two robberies demonstrate a unique pattern of criminal activity and the dissimilarities are inconsequential, the trial court erred in excluding evidence of the collateral crime. Also, the trial court improperly ruled that such evidence would be unduly prejudicial because it would become the main feature of the trial, where it’s within the trial court’s authority to prevent such an occurrence. State v. Maisto, 427 So.2d 1120, 1122 (Fla. 3d DCA 1983); Perry v. State, 718 So.2d 1258, 1259 (Fla. 1st DCA 1998).
Accordingly, this court reverses the trial court’s order granting the defendant’s motion in limine.
REVERSED and REMANDED.
WOLF, VAN NORTWICK and POLSTON, JJ., concur.

. See Williams v. State, 110 So.2d 654 (Fla.1959).